# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA WESTERN DIVISION

| | | |
|---|---|---|
| Jason Nalls, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| City of Fayette | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jason Nalls, ("Plaintiff") by and through his undersigned counsel, and hereby files this Complaint against the City of Fayette. ("Defendant") and seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant on account of Plaintiff's race in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq,*** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts alleged herein took place within the Western Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff Jason Nalls, an African American male, is domiciled in the state of Alabama.

5. At all relevant times the Plaintiff was an "employee" of the Defendant under Title VII.

6. The Defendant City of Fayette is incorporated as a Municipality located in the State of Alabama.

7. At all relevant times, Defendant was an "employer" under Title VII

8. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff began working for the Defendant as a police officer around July of 2007.

12. Plaintiff had issues with radio equipment malfunctioning and was vocal to supervisors regarding the malfunctions.

13. On or about December 8, 2018 Plaintiff was suspended two weeks without pay.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (DISPARATE TREATMENT)

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above, as if fully set out herein.

15. Plaintiff was ultimately terminated upon receipt of a notice of termination on March 3, 2020.[1]

16. The Plaintiff, an African American, is a member of a protected class.

17. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. as Defendant has engaged in the practice of discrimination against Plaintiff.

18. On or about December 8, 2018 Plaintiff was suspended two weeks without pay.

19. The reason proffered for his suspension was that Plaintiff did not respond to a radio call from a fellow police officer.

20. On or about October 28, 2018 Plaintiff was on duty with a fellow police officer.

---

[1] Plaintiff has filed a subsequent charge that is currently in investigation with the EEOC.  The charge is for retaliation as Plaintiff was fired after the Right to Sue for this case was received. Should the EEOC grant the Plaintiff a Right to Sue, Plaintiff plans to consolidate that action with this action or request to amend this case to include the second charge.

21. Plaintiff's fellow officer received a call and went out to the scene.

22. Plaintiff's fellow officer attempted to call for backup.

23. Plaintiff did not receive the call due to a malfunction in his radio equipment, nor did he receive the original call from dispatch.

24. This was a malfunction he had previously informed his supervisor, Sargent Kelly, about.

25. The Chief of police was also aware of the radio malfunction.

26. The Chief had witnessed the radio malfunction while Plaintiff was meeting with him on October 29, 2018.

27. Plaintiff is aware of white employees who did not go to calls.

28. However, those white officers were not suspended for the same.

29. On March 18, 2019 Mr. Nalls, Jordan Roberts (a fellow officer), and Anthony Sanford (a fellow officer), were dispatched to a wreck.

30. Jordan Roberts and Anthony Sanford, both white officers, did not show up to the scene.

31. Neither were suspended for not showing up to the call.

32. Another incident took place on November 17, 2018.

33. The incident involved a perpetrator with a knife.

34. The call went out to Adam Smith, a white officer, and he never showed up to the scene.

35. Adam Smith was not suspended for not showing up to the call.

36. Because of his suspension Mr. Nalls was not given a promotion and pay raise that he was entitled to.

37. White employees were not subjected to a missed promotion as they were not suspended for the same conduct.

38. The Defendant discriminated against Plaintiff by suspending and failing to promote Plaintiff for the same or similar acts white employees performed, but was not suspended for, which is a violation of Title VII.

39. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

## **PRAYER FOR RELIEF FOR ALL COUNTS**

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. A declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *D. Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

OF COUNSEL:
The Patton Firm
3720 4th Avenue South
Birmingham, AL 35222
Phone: (205) 933-8953
Fax: (205) 449-4897
jschatz@thepattonfirmal.com

**Defendant served via Waiver of Service of Summons Form 1B:**

City of Fayette
C/O Robbie Hyde
363 East Glenn Ave.
Ste. B
Auburn, AL

# Exhibit 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 212-2100
FAX (205) 212-2105
Website: www.eeoc.gov

Jason Nalls
c/o Jeremy Schatz, Attorney
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071

      Re:    Jason Nalls v Fayette Police Department
             Charge Number 420-2019-02172

Dear Mr. Nalls:

Our attempt to contact you by telephone was unsuccessful. I left a voice-mail message for you; however, this letter is sent regarding the above referenced charge of discrimination which you originally filed with this office on December 19, 2018. You will recall that the employer's response to your allegations was released to you on October 8, 2019. You provided additional information in response to the employer's defense on October 28, 2019. We wanted to follow-up with you to advise you that based on an analysis of the material and testimony obtained during the investigation, the Commission has concluded that it is unlikely that additional investigation will result in a finding that the law was violated, as alleged.

In order to establish a violation on a terms and conditions of employment issue, the evidence must show in the following order of proof: 1) you belong to a protected group; 2) you were denied equal terms or conditions of employment; 3) others similarly situated but not of your protected group (Black) were extended the terms or conditions that you were denied; and 4) Respondent is unable to explain the difference in treatment or Respondent's explanation is in fact pretext for discrimination.

In order to establish a violation on a suspension issue, the evidence must show in the following order of proof: 1) you are a member of a protected group; 2) you were suspended; 3) others similarly situated but not of your protected group (Black) were not suspended; and 4) Respondent cannot explain the difference in treatment or the explanation is in fact pretext for discrimination.

Evidence obtained during the investigation does not indicate that White employees were extended terms or conditions of employment that were denied to you. Additionally, there does not appear to be any evidence to show that others similarly situated but not of your protected group were treated more favorably after being accused of similar conduct.

Although the evidence of record does not suggest a violation of any law enforced by the Commission, a *Dismissal and Notice of Rights* is enclosed. This document gives you the opportunity to pursue the case in federal district court should you disagree with the Commission's determination. If you decide to pursue the case in federal court, you must do so within ninety (90) days from the date of your receipt of the *Dismissal and Notice of Rights*.

Charge No. 420-2019-02172
Jason Nalls v Fayette Police Department
Page | 2

If you have any questions, or require additional information do not hesitate to contact me by e-mail at debra.powell@eeoc.gov or by telephone at (205) 212-2085.

                                                               Sincerely,

**FEB 1 2 2020**

_____             _____
Date Mailed                       Debra N. Powell
                                  Investigator

Enclosure

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Jason Nalls<br>923 3rd Avenue N.E.<br>Fayette, AL 35555 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-02172 | DEBRA N. POWELL,<br>Investigator | (205) 212-2085 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     *(signature)*     FEB 1 2 2020
    BRADLEY A. ANDERSON,     *(Date Mailed)*
    District Director

cc:    FAYETTE POLICE DEPARTMENT     THE PATTON FIRM
     c/o Robbie Hyde, Attorney                    c/o Jeremy Schatz, Attorney
     Alexander Law Firm                            3720 - 4th Avenue South
     363 East Glenn Avenue, Suite B         Birmingham, AL 35222
     Auburn, AL 36830

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br>☐ FEPA <br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2019-02172 |
|---|---|---|

and EEOC

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jason Nalls | (205) 442-8623 | 8/16/83 |

| Street Address | City, State and ZIP Code |
|---|---|
| 923 3rd Ave NE | Fayette, AL 35555 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Fayette Police Department | 15+ | (205) 932-5312 |

| Street Address | City, State and ZIP Code |
|---|---|
| 118 1st Ave NE | Fayette, AL 35555 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Oct 2018    Latest: May 10, 2018

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
See Exhibit A.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05-10-2019   _Jason Nalls_
Date          Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

## Exhibit A

1. My name is Jason Nalls and I am over the age of 19 and a resident of Alabama.
2. Around July of 2007 I was hired at the Fayette Police Department.
3. On or about October 28, 2018 I was on duty with a fellow police officer.
4. He received a call and went out to the scene.
5. He tried to call me for backup, however my radio equipment was broken, and I did not receive the call from him or the original call from dispatch.
6. I had previously informed my supervisor, Sargent Kelly, that my radio equipment was broken, and I requested new equipment.
7. The Chief also witnessed my radio equipment malfunction personally while I was in a meeting with him on October 29, 2018, the day after the incident.
8. On or about December 8, 2018 I was suspended without pay for two weeks.
9. The reason given for my suspension was the fact that I did not answer a call from dispatch and did not answer my fellow officers call for backup.
10. However, other white employees have not answered calls from dispatch or from fellow officers and have not been suspended.
11. Due to my suspension I was not eligible for a raise in April.
12. Based on the foregoing, I believe I have been subjected to disparate treatment based on my race (African American).
13. I declare under penalty of perjury that the preceding is true and correct.
14. I authorize the EEOC to release the contents of this Charge of Discrimination to the Respondent.

Done this 10 day of May 2019.

_Jason Nalls_
Jason Nalls

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (11/09).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.